DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Joseph J. Reed, ) | |
| ) | CASE NO. 1:11 CV 1564 |
| Petitioner-Defendant, ) | (Criminal Case No. 1:96 CR 53) |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

I. History of the Case

On February 14, 1996, the defendant was indicted in this court on two counts. The first count charged the defendant with possession of a firearm as a previously convicted felon. The second count charged the defendant with possessing with intent to distribute crack cocaine in an amount of 76.77 grams. The defendant was convicted of both counts and sentenced to a term of imprisonment for a term of 240 months. The defendant's conviction and sentence were affirmed on appeal.

On May 3, 2000, the defendant filed a § 2255 petition in civil case number 1:00CV1132. ECF 139. On July 21, 2000, the Court dismissed the habeas action. ECF 143. The Court's dismissal was affirmed by the Sixth Circuit on June 18, 2001. ECF 155.

On June 22, 2001, the defendant filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to correct a sentence. On January 23, 2002, this Court granted the government's motion to transfer the *pro se* application to the Sixth Circuit Court of Appeals. Thereafter, by an order filed by the Sixth Circuit on April 1, 2002, the defendant's motion for voluntary dismissal of the appeal was

(1:11 CV 1564 and
Criminal Case No. 1:96 CR 53)

granted and the appeal was dismissed.

On February 5, 2008, the defendant filed a *pro se* motion for retroactive application of the sentencing guidelines to the crack cocaine offense. On August 29, 2008, the Court published an order denying the motion to reduce his sentence (ECF 161) and stated: "The defendant is serving the statutory mandatory sentence of 240 months of incarceration. Thus, due to the imposition of a statutory mandatory minimum sentence, the defendant is not eligible for sentencing reduction. Therefore, the defendant's motion is DENIED." On July 9, 2010, the Sixth Circuit affirmed the Court's judgment of August 29, 2008. ECF 171.[1]

On August 10, 2010, the Court appointed the Federal Public Defender to represent the defendant in connection with his *pro se* application to reduce his sentence of 240 months. ECF 174.

On July 29, 2011 a motion to vacate under 28 U.S.C. § 2255 was filed on behalf of the defendant by Jeffrey Lazarus, Assistant Federal Public Defender. ECF 184.

Also on July 29, 2011, Attorney Lazarus filed a motion for a determination that authorization is not needed for the petitioner to file a motion pursuant to 28 U.S.C. § 2255. ECF 183. On August 4, 2011, counsel for the government filed a response in opposition. ECF 186.

---

[1]In summary, the Sixth Circuit's opinion stated:
> In this case, as in *Johnson*, Reed's sentence was based on the mandatory minimum 240-month term of imprisonment required by 21 U.S.C. Section 841(b)(1)(A). Therefore, the 2007 amendments did not lower his applicable guideline range. *See Johnson*, 564 F.3d at 423. As a result, Reed was not eligible for a sentence reduction under Section 3582(c)(2) and the district court did not abuse its discretion by denying Reed's motion.

2

(1:11 CV 1564 and
Criminal Case No. 1:96 CR 53)

On August 18, 2011, the Court granted the petitioner the opportunity to respond to the government's opposition.  ECF 187.

### II.  A Summary of the Petitioner's Motion to Vacate His Sentence

Initially, the petitioner indicates that after the Fair Sentencing Act was signed into law by President Obama on August 3, 2010 and aimed to equalize the crack-to-powder disparity in sentencing, he would not have been subjected to the 20-year mandatory minimum sentence. Continuing, the petitioner argues that the Fair Sentencing Act should be retroactively applied to the petitioner's sentence and failure to do so renders his sentence unconstitutional.

A second argument advanced by the petitioner is that the Fair Sentence Act, in view of the silence on the issue of retroactivity, should nevertheless be applied retroactively to the petitioner's sentence.

Additionally, the petitioner argues that the equal protection clause requires retroactive application of the Fair Sentencing Act.

### III.  A Summary of the Government's Response in Opposition

Counsel for the government initially argues that petitioner's most recent § 2255 motion cannot be considered a proper successive § 2255 motion because there is no "newly discovered evidence" and there is no "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court."  ECF 189.

Continuing, counsel for the government argues that this court has no jurisdiction to hear a second or successive § 2255 motion unless so certified by a three-judge panel of the Sixth Circuit.

3

(1:11 CV 1564 and
Criminal Case No. 1:96 CR 53)

Continuing, counsel for the government argues that the petitioner has failed to meet the requirements of 28 U.S.C. §§ 2255(h)(1) and (2) and also he cannot satisfy §§ 2255(f)(1-4).

The difficulty confronting the petitioner is the fact that the defendant was sentenced before adoption of the Fair Sentencing Act on August 3, 2010 and compounded by the fact that the Supreme Court has not announced a retroactive application of the Fair Sentencing Act to persons who were sentenced before the adoption of the Fair Sentencing Act.

Against the well-reasoned brief of the government, counsel for the petitioner, after pointing out that the petitioner has now served approximately 16 years of his sentence, suggests that the Court should find that the continued imprisonment of the petitioner, against the background of the adoption of the Fair Sentencing Act, even though it does not apply to the defendant, constitutes a basis for the Court to determine that the continued imprisonment of the petitioner constitutes cruel and unusual punishment in violation of the Eighth Amendment and requires his immediate release from incarceration.

The Court expresses its appreciation for the imaginative and creative work of the federal defender in attempting to find relief for the petitioner, but the Court is of the view that a court higher than this court should determine that the continued incarceration of the petitioner in the present setting with respect to crack-cocaine sentences constitutes cruel and unusual punishment.

(1:11 CV 1564 and
Criminal Case No. 1:96 CR 53)

The Court declines to adopt the proposed order submitted by counsel for the petitioner. ECF 192.

    Consequently and in conclusion, the application of the petitioner for relief is DENIED. In so denying the relief, the Court finds no basis for referring the petition to the Sixth Circuit Court of Appeals as a successive 2255 petition.

    IT IS SO ORDERED.

|  September 19, 2012  |  /s/ David D. Dowd, Jr.  |
|---|---|
| Date | David D. Dowd, Jr.<br>U.S. District Judge |